# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| J.S., a minor, by and through his parent and natural guardian, DAWN GILLS, and DAWN GILLS, Individually,<br><br>　　　Plaintiffs,<br><br>　　　　　v.<br><br>WALMART STORES, INC.,<br><br>　　　Defendant. | CIVIL ACTION NO. 3:11-CV-792<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before the Court is the complaint, which insufficiently alleges the diversity of the parties. (Doc. 1.) Because the complaint fails to adequately plead the existence of subject matter jurisdiction, the plaintiffs will be given leave to amend.

### I. Background

The plaintiffs filed a complaint against Walmart, Inc. (Doc. 1.) The complaint invokes this Court's jurisdiction under 28 U.S.C. § 1332, the diversity jurisdiction statute.

The complaint describes the plaintiffs as "residing" in Pennsylvania. Walmart is described as being incorporated at a particular address in Arksansas. No allegation as to its principal place of business are made.

### II. Analysis

Under the diversity jurisdiction statute, 28 U.S.C. § 1332, "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or

1

value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . ." When diversity of citizenship provides the grounds for federal jurisdiction, "the pleadings should affirmatively disclose that such diversity exists." *Osthaus v. Button*, 70 F.2d 392, 392 (3d Cir. 1934). Complete diversity must exist between the adverse parties in the action; that is, the citizenship of each plaintiff must be diverse from that of each defendant. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365 (1978), 373–74 (1978).

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where he is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). To be domiciled in a state a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300–01 (3d Cir. 1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619 (1914).

By contrast, a corporation may have more than one state of citizenship: "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation may only have *one* principal place of business, and proper invocation of diversity jurisdiction requires that the plaintiff allege where a corporation has *"its* principal place of business." *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (affirming the district court's dismissal of a complaint alleging where the plaintiff corporation maintained "*a* principal place of business," rather than "*its* principal place of business"). A corporation's principal place of business is its "nerve center," that is, the place "where a corporation's

2

officers direct, control, and coordinate the corporation's activities." *Hertz Corp.*, 130 S. Ct. at 1192.

Properly alleging diversity jurisdiction does not require extended allegations. Form 7 in the Appendix of Forms of the Federal Rules of Civil Procedure provides examples of properly invoking diversity-of-citizenship jurisdiction. This form instructs that one may simply state, for example, that "the plaintiff is a citizen of Michigan," and that "[t]he defendant is a corporation incorporated under the laws of New York with its principal place of business in New York."

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999). Here, the complaint fails to properly plead the existence of subject matter jurisdiction.

Here, the complaint fails to adequately allege diversity of citizenship of the parties. The Court is informed of the state in which the plaintiffs "reside."  Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("Where one lives is prima facie evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.") (internal citations omitted).

Likewise, the complaint fails to allege Walmart's citizenship properly.  The complaint must allege the state in which it is incorporated and the state in which it maintains its principal place of business.  *See S. Freedman & Co., Inc. v. Raab*, 180 Fed. App'x 316, 320 (3d Cir. 2006) (quoting *Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035, 1039 (5th Cir. 1982) ("In order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business.")).

Federal courts should permit amendment of a complaint when a defective jurisdictional allegation may be remedied. *See, e.g.*, *Kiser v. General Elec. Corp.*, 831 F.2d 423, 427 (3d Cir. 1987); 28 U.S.C. § 1653. Thus, the plaintiffs will be given the opportunity to amend their complaint and properly invoke diversity jurisdiction.

## Conclusion

As it currently stands, the complaint fails to show the existence of subject matter jurisdiction. The plaintiffs are directed to file an amended complaint within twenty-one (21) days sufficiently alleging jurisdiction. The plaintiffs are further advised that failure to respond in the manner explained above will result in the dismissal of the action. An appropriate order follows.

April 26, 2011     /s/ A. Richard Caputo
Date               A. Richard Caputo
                   United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| J.S., a minor, by and through his parent and natural guardian, DAWN GILLS, and DAWN GILLS, Individually,<br><br>　　　Plaintiffs,<br><br>　　　　　v.<br><br>WALMART STORES, INC.,<br><br>　　　Defendant. | NO. 3:11-CV-792<br><br>(JUDGE CAPUTO) |

## **ORDER**

**NOW**, this 26th day of April, 2011, **IT IS HEREBY ORDERED:**

(1) Within twenty-one (21) days of the date of this Order, the plaintiffs may file an amended complaint.

(2) The plaintiffs' failure to file an amended complaint will result in dismissal of this action.

　　　　　　　　　　　　　　　　　　/s/ A. Richard Caputo
　　　　　　　　　　　　　　　　　　A. Richard Caputo
　　　　　　　　　　　　　　　　　　United States District Judge