IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

J.S., a Minor, by and through his parent      :
and natural guardian, DAWN GILLIS,           :
and DAWN GILLIS, individually,               :
                                             :      CIVIL ACTION NO. **3:CV-11-0792**
                                             :
       Plaintiffs                            :      Magistrate Judge Blewitt
                                             :
          v.                                 :
                                             :
WAL-MART STORES, INC.,                       :
                                             :
       Defendant/                            :
     Third-Party Plaintiff,                  :
          v.                                 :
UNARCO INDUSTRIES, LLC, f/k/a,               :
UNARCO INDUSTRIES, INC.,                     :
                                             :
       Third-Party Defendant.                :

**MEMORANDUM AND ORDER**

**I. Background.**

On April 25, 2011, Plaintiffs J.S., a Minor, by and through his parent and natural guardian,

Dawn Gillis, and Dawn Gillis, individually, filed a Complaint against original Defendant, Wal-Mart

Stores, Inc. (Doc. 1). On April 28, 2011, Plaintiffs filed an Amended Complaint again solely

against original Defendant, Wal-Mart Stores, Inc. (Doc. 5). Both the original Complaint and the

Amended Complaint were filed in federal court based on diversity jurisdiction, under 28 U.S.C.

§1332, since Plaintiffs are Pennsylvania residents and Defendant Wal-Mart is a Delaware

corporation with its principal place of business in Arkansas.[1] On May 24, 2011, Defendant Wal-

---

[1]We note that Pennsylvania law applies to Plaintiffs' claims as against Defendant Wal-
Mart. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Schlegel v. Wilson-Cook Medical, Inc.*,

Mart filed its Answer to Plaintiffs' Amended Complaint with Affirmative Defenses.  (Doc. 10).

On November 2, 2011, the Court issued an Order granting Defendant Wal-Mart's unopposed

Motion for Leave to File a Third-Party Complaint against Unarco Industries, LLC, f/k/a Unarco

Industries, Inc. ("Unarco").  (Docs. 22 and  25).  Defendant/Third-Party Plaintiff Wal-Mart ("Wal-

Mart") filed its Third-Party Complaint against Third-Party Defendant Unarco on November 2, 2011.

(Doc. 26).  On December 12, 2011, Third-Party Defendant Unarco filed a Motion to Dismiss

Defendant/Third-Party Plaintiff Wal-Mart's Third-Party Complaint, pursuant to Fed.R.Civ.P. 12(b)(6),

with Exhibits, A-C . **(Doc. 31)**.  Third-Party Defendant Unarco's Motion to Dismiss has been briefed

by the respective parties.  (Docs. 32, 35 and 36).  Defendant/Third-Party Plaintiff Wal-Mart also

submitted Exhibits (A-C) with its opposition brief, including copies of unreported cases, Ex. D.

(Doc. 35).  Plaintiffs did not file a brief with respect to Third-Party Defendant Unarco's Motion to

Dismiss Defendant/Third-Party Plaintiff Wal-Mart's Third-Party Complaint.  However, Plaintiffs did

not concur with Third-Party Defendant Unarco's Motion to Dismiss.  (Doc. 31, p. 12).

　　　Third-Party Defendant Unarco's Motion to Dismiss Defendant/Third-Party Plaintiff Wal-

Mart's Third-Party Complaint is ripe for disposition.[2]

---

2007 WL 465528, * 3, n. 3  (M.D. Pa.).


　　[2]The original Plaintiff and the original Defendant consented to proceed before the
undersigned United States Magistrate Judge, and the District Court entered an Order on July 27,
2011, reassigning this case to the undersigned for all matters pursuant to 28 U.S.C. § 636(c).
(Doc. 15).

**II. Allegations of Complaints.**

In their Amended Complaint, Plaintiffs allege that on July 1, 2008, they were business invitees at the Wal-Mart Store located at 2150 Wilkes-Barre Township Marketplace, Wilkes-Barre, Luzerne County, Pennsylvania, and that Plaintiff Gillis strapped and locked her portable car seat, in which the infant Plaintiff J.S. was sitting, onto the top of a Wal-Mart shopping cart. Plaintiffs allege that the shopping cart then suddenly collapsed which caused the infant Plaintiff J.S. to fall into the cart and suffer serious and permanent injuries. (Doc. 5, pp. 2-3). Plaintiffs allege that Defendant Wal-Mart, individually and through its employees, "failed to have adequate warnings on its shopping carts to not place a child's car-seat in the position the Plaintiff 's mother and other mothers shopping with their infant children did and do on a regular basis." (*Id*., p. 3, ¶ 9).

Both Plaintiffs assert two Counts in their Amended Complaint against Defendant Wal-Mart. In Count I, Plaintiffs allege that Defendant Wal-Mart was negligent as follows:

> a.      In then and there failing to warn mothers that placing an infant's car seat in the shopping cart in a certain manner can be hazardous to the infant;

> b.      In then and there allowing shopping carts to exist in the Defendant's parking lot when the Defendant knew or should have known said shopping carts presented a hazardous and dangerous condition to infants being placed in said shopping carts;

> c.      In then and there failing to inspect shopping carts that may have been in a defective condition;

> d.      In then and there failing to implement a system of routine maintenance on all shopping carts that may have been in a defective condition so as to protect business invitees from a hazardous condition;

> e.      In then and there having shopping carts available to business invitees, with infants, when the Defendant knew or should have known that the shopping carts had no labels or warnings against activities like those

performed by Ms. Gills and other mothers routinely shopping at WAL-MART; and

      f.     In then and there allowing defective shopping carts to be available to mothers shopping with infants, when the Defendant knew or should have known that the shopping cart in question was defective.

In Count II, Plaintiffs allege that the injuries sustained by minor Plaintiff J.S. due to the negligent acts of Defendant Wal-Mart have caused Plaintiff Gillis to incur medical bills from several facilities, and that Plaintiff Gillis has been informed that minor Plaintiff J.S. will continue to undergo medical treatment for the injuries and that additional medical bills will be incurred.  Thus, Plaintiffs raised a claim for the past and future medical bills which minor Plaintiff J.S. has and will incur as a result of his alleged injuries.  (*Id.*, pp. 6-7).

As stated, Defendant/Third-Party Plaintiff Wal-Mart filed its Third-Party Complaint against Third-Party Defendant Unarco on November 2, 2011. (Doc. 26).  Wal-Mart contends that Unarco was the supplier of the shopping cart at issue and, that it had a Wal-Mart Realty Supplier Agreement, dated January 22, 2008, with Unarco which contained indemnification provisions. (Doc. 26, Ex. C).  Wal-Mart avers that the Realty Supplier Agreement contained the following Indemnification provision:

      16)    INDEMNIFICATION:
      Supplier [Unarco] agrees to and shall defend, indemnify and hold
      harmless Purchaser [Wal-Mart] and all related or affiliated companies,
      and all affiliates, officers, directors, shareholders, associates, employees,
      servants and agents of Purchaser, from and against all Damages, whether
      such matters are groundless, fraudulent or false, which arise out of or relate
      to this Agreement for the negligent act or omission, willful misconduct,
      other fault of any nature of Supplier, its employees, agents, servants
      or subcontractors.

(Doc. 26, p. 3, ¶ 9 and Ex. C, pp. 9-10).

Wal-Mart avers that the Realty Supplier Agreement defined the term "Damages" as follows:

> (d)     "Damages" shall mean shall mean [sic] lawsuits, claims, actions, suits, injuries, damages, losses, fines, penalties, sanctions, deficiencies, judgments, awards, costs, expenses (including reasonable fees, disbursements, and costs of attorneys, accountants, experts and investigators), settlement payments, liabilities, liens, remediation expenses, loss of goodwill, lost profits, corrective action costs, and other obligations, including, without limitation, property damages and bodily injury or personal injuries, illnesses and deaths (whether or not such injury is physically manifest, or emotional in nature without any attendant physical manifestation of such injury), and in each case regardless of whether such matters are groundless, fraudulent or false.

(Doc. 26, p. 3, ¶ 10 and Ex. C, pp. 2-3).

Thus, in Count I of its Third-Party Complaint, Wal-Mart asserts a claim for contractual contribution and indemnification against Unarco. Wal-Mart concludes its averments in Count I by claiming that if Plaintiff minor J.S. sustained the injuries which Plaintiffs allege and Plaintiffs sustained the damages they allege, "then said injuries and damages were caused by the actions, omissions, negligence, and carelessness and other liability-producing conduct of Unarco and were caused in no manner whatsoever by Wal-Mart." (*Id.*, p. 4, ¶ 11). Wal-Mart also avers that "Unarco alone is liable to Plaintiff[s] and/or jointly and severally liable to Wal-Mart and/or liable over to Wal-Mart by way of contractual contribution and/or indemnification." (Id.).

In Count II of its Third-Party Complaint, Wal-Mart asserts a claim for common law contractual contribution and indemnification against Unarco. Wal-Mart avers that if Plaintiff minor J.S. sustained the injuries which Plaintiffs allege and Plaintiffs sustained the damages they allege, "then said injuries and damages were caused by the actions, omissions, negligence, and carelessness and other liability-producing conduct of Unarco and were caused in no manner

whatsoever by Wal-Mart." (*Id.*, p. 4, ¶ 11).  Wal-Mart also avers that "Unarco alone is liable to Plaintiff[s] and/or jointly and severally liable to Wal-Mart and/of liable over to Wal-Mart by way of common law contribution and/or indemnification." (*Id.*, ¶ 13, p. 5).

### III.  Motion to Dismiss Standard.

In *Reisinger v. Luzerne County*,712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009).  "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted).  *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).
>
> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct.

at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

Where  the parties submit exhibits with their filings, a court must determine what documents may be considered with a motion to dismiss. In reviewing a motion to dismiss filed pursuant to Rule 12(b)(6)of the Federal Rules of Civil Procedure, the Third Circuit Court of Appeals had held that "a court can consider certain narrowly defined types of material without converting the motion to dismiss" to one for summary judgment. *In re Rockefeller Center Properties, Inc. Securities Litigation,* 184 F.3d 280, 287 (3d Cir. 1999). Specifically, a court can consider "a document integral to or explicitly relied upon in the complaint ... [and] an indisputably authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." ( *Id.* (internal citations and quotation omitted).) The Circuit Court explained the rationale for these exceptions: "the primary problem raised by looking to documents outside the complaint-lack of notice to the plaintiff-is dissipated where plaintiff has actual notice and has relied upon these documents in framing the complaint." FN11 *Id.* (internal citations and quotations omitted).) Matters of public record, including government agency records and judicial records, may be considered. *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.,* 458 F.3d 244, 257 n. 5 (3d Cir.2006) (citation omitted); *Pension Benefit Guarantee Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir.1993).

*See also Williams v. Hull,* 2009 WL 1586832, *2-*3 (W.D. Pa. 2009).

**IV. Discussion.**

In its Third-Party Complaint against Unarco, Wal-Mart is attempting to pursue its indemnification and defense rights under the Reality Supplier Agreement.[3] In its Motion to Dismiss Wal-Mart's Third-Party Complaint based on contractual and common law contribution and indemnification, Unarco argues that Plaintiffs allege Wal-Mart had specific knowledge that mothers regularly placed car seats in shopping carts at its store and that Wal-Mart failed to provide an adequate warning about the dangers of this conduct.  Unarco states that Plaintiffs' amended pleading does not claim that the alleged injuries of minor Plaintiff J.S. were caused by any negligent act or omission, willful misconduct, or other fault by Unarco. Unarco points out that the Reality Supplier Agreement was drafted by Wal-Mart and that under the Agreement all disputes are governed by the laws of Arkansas.[4]  Unarco also argues that under Section 16 of the Reality Supplier Agreement, its obligations to defend, indemnify and hold harmless Wal-Mart are strictly limited to "damages... which arise out of or relate to this Agreement for the negligent act or omission, willful misconduct, other fault of any nature of [Unarco]." (Doc. 31, p. 2 and Ex. B, pp. 8-9). Unarco contends that under the Reality Supplier Agreement, it has no obligation to defend and/or indemnify Wal-Mart for any claims that arise out of or relate to Wal-Mart's conduct. (*Id.*). Thus, Unarco moves to dismiss Wal-Mart's Third-Party Complaint against it in its entirety for failure to state a claim, and it moves to dismiss each of the two Counts raised therein separately.

---

[3]Both Unarco and  Wal-Mart have attached copies of the Reality Supplier Agreement to their respective briefs.  (Doc. 31, Ex. B and Doc. 35, Ex. C).

[4]*See* Doc. 35, Ex. C, p. 10.

Alternatively, Unarco moves to strike, under Rule 14,  Wal-Mart's allegations in both of its Counts that Unarco is liable in any way to Plaintiffs, and Unarco moves, under Rule 12(e), to require Wal-Mart to file a more specific pleading against it with respect to Count II, common law contribution or indemnity.

Wal-Mart argues that "Plaintiffs' claims that the minor [J.S.] was injured as a result of a defective shopping cart, which was supplied to Wal-Mart by Unarco, fall under those claims for which Unarco is required to defend and indemnify Wal-Mart."  (Doc. 35, p. 4).

*1.  Unarco's Rule 14 Motion to Strike Wal-Mart's allegations that Unarco is liable to Plaintiffs*

As stated, Unarco moves to strike, under Rule 14,  Wal-Mart's allegations in both Counts of its Third-Party Complaint that Unarco is liable in any way to Plaintiffs.  Unarco points out that Wal-Mart's allegations that Unarco is "alone liable to Plaintiff[s]" and that Unarco "is jointly and severally liable to Plaintiffs," which are contained in both Counts I and II, are improper as a matter of law under Rule 14.  (*See* Doc. 26, pp. 4-6).  Unarco cites to *Rocuba v. Mackrell*, 2011 WL 5869787 (M.D. Pa. 11-22-11), for the proposition that a third party cannot be impleaded on the basis that he might be liable to the Plaintiff.

In *Rocuba v. Mackrell*, 2011 WL 5869787, *1, the Court stated:

> Pursuant to Federal Rule of Civil Procedure 14(a)(1),  a defending party may join a non-party "who is or may be liable to it for all or part of the claim against it." "The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff." 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure § 1446,* at 377 (2d ed.1990). Third-party liability must depend on the outcome of the main claim and derive from defendant's liability to the plaintiff in the main action so that, if the third-party plaintiff is found liable, the third-party defendant will be liable to the third-party plaintiff "under a theory of indemnification, contribution, or some other theory of derivative liability recognized

by the relevant substantive law." *Toberman v. Copas,* 800 F.Supp. 1239, 1242 (M.D.Pa.1992); *6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure,* § 1446, at 246 (2d ed.1990). **A third-party complaint is improper where the defendant/third-party plaintiff seeks to join a third-party defendant who is or may be liable only to the original plaintiff**. *Toberman*, 800 F.Supp. at 1242–43.

(Emphasis added).

In *Flickinger v. Toys R Us, Inc.*, 2010 WL 4384252, *1 (M.D. Pa. 10-29-10), the Court stated that "[a] Defendant may only use Rule 14 to implead a third-party Defendant where the third-party Defendant is, or may be, liable to the Defendant derivatively or secondarily, and not to join a person who is or may be liable solely to the Plaintiff." (citing *FDIC v. Bathgate*, 27 F.3d 850, 873 (3d Cir. 1994)).

The Court agrees with the *Rocuba* Court and Unarco's reliance upon in it, as well as the *Flickinger* Court,  and, it finds that a third party cannot be impleaded under Rule 14(a) on the basis that its actions allegedly caused the Plaintiff's injuries.  The Court also agrees completely with Unarco that the case upon which Wal-Mart relies, *Jonas v. Schaff*, 1991 U.S. Dist. LEXIS 10554 (E.D. Pa. 7-30-91), is misplaced.  (Doc. 36, pp. 6-7).  Thus, the Court concurs with Unarco that the allegations of Wal-Mart in its Third-Party Complaint, Counts I and II,  that Unarco is "alone liable to Plaintiff[s]" and that Unarco "is jointly and severally liable to Plaintiffs" are improper as a matter of law under Rule 14. *See  Rocuba, supra;  Flickinger, supra*.  Therefore, to the extent that Wal-Mart avers that it was the actions of Unarco, as opposed to its actions, which caused minor Plaintiff's alleged injuries, such averments are not proper grounds for a third-party claim under Rule 14(a).  *See Rocuba, supra;  Flickinger, supra*.

As such, the Court shall grant Unarco's alternative Motion to strike Wal-Mart's allegations in its Third-Party Complaint that Unarco is "alone liable to Plaintiff[s]" and that Unarco "is jointly and severally liable to Plaintiffs" which are contained in both Counts I and II since they are improper as a matter of law under Rule 14.   (Doc. 26, p. 4-6).

> 2.    *Claims for Contractual Indemnification and Contribution under the Realty Agreement in Wal-Mart's Third-Party Complaint (Count I)*

The parties dispute whether Wal-Mart's Third-Party Complaint asserts viable claims for contractual indemnification and contribution against Unarco under the Realty Agreement.  The parties do not dispute that under the Realty Agreement Arkansas substantive law applies to the interpretation of the terms of the Agreement.  Thus, the Court must look to Arkansas law on the interpretation of indemnification contracts.

In *Patton v. TPI Petroleum, Inc.*, 356 F.Supp. 2d 921, 927 (E.D. Ark. 2005), the Court stated:

> Indemnification agreements are contracts to be construed in accordance with general rules of contract construction. *Chevron U.S.A., Inc. v. Murphy Exploration & Prod. Co.,* 356 Ark. 324, 329, 151 S.W.3d 306, 310 (2004) (citations omitted). The court's duty is to construe the writing in accordance with the plain meaning of the language employed. *Weaver-Bailey Contractors, Inc. v. Fiske-Carter Construction Company*, 9 Ark.App. 192, 195, 657 S.W.2d 209, 210 (1983). In doing so, the court must construe indemnity agreements strictly against the party seeking indemnification. *East-Harding, Inc. v. Horace A. Piazza & Assocs.,* 80 Ark.App. 143, 149, 91 S.W.3d 547, 551 (2002). "[I]n contracts of indemnity the losses to be indemnified must be clearly stated and the intent of the indemnitor's obligation to indemnify against them must be expressed in clear and unequivocal terms and to such an extent that no other meaning can be ascribed." *Chevron,* 356 Ark. at 330, 151 S.W.3d at 310 (citations omitted). If the agreement is unambiguous, then the court need not resort to rules of construction. *Ray & Sons Masonry Contractors v. United States Fid. & Guar. Co.,* 353 Ark. 201, 211, 114 S.W.3d 189, 195 (2003) (citing *Nabholz Constr. Corp. v. Graham,* 319 Ark. 396, 401, 892 S.W.2d 456, 459 (1995)). The Court must initially determine the existence of ambiguity; if the Court finds that the writing contains an ambiguous term, it will admit parol evidence. *First Nat. Bank of Crossett v. Griffin,* 310 Ark. 164, 169, 832 S.W.2d 816, 819 (1992)

(citing *C & A Constr. Co., Inc. v. Benning Constr. Co.,* 256 Ark. 621, 509 S.W.2d 302 (1974)). The meaning of the ambiguous term then becomes a question of fact for the factfinder. *Id.*

The Court finds that the terms of the indemnification provision in the Realty Agreement, quoted above, are not ambiguous.

Wal-Mart cites to *Wal-Mart Stores, Inc,. v. RLI Ins. Co.*, 292 F.3d 583, 588 (8th Cir. 2002), in which the Court found that under the clear language of the indemnity provision, the vendor promised to indemnify Wal-Mart for any liability or loss resulting from Wal-Mart's sale of the vendor's goods.  In *Wal-Mart Stores, Inc,. v. RLI Ins. Co.*, the Eighth Circuit stated:

> The language of the [indemnity] provisions is clear. Cheyenne [vendor] has promised to indemnify Wal-Mart for any liability or loss resulting from Wal-Mart's sale of its lamps. A judgment against Wal-Mart to pay the Boykin settlement is a liability to Wal-Mart resulting from its sale of Cheyenne's goods. RLI argues that the indemnity clause is ineffective to cover Wal-Mart's own negligence because such an obligation is not clearly and unequivocally expressed as required by Arkansas law.
>
> We are not persuaded. The indemnity provisions are very broad and state that Cheyenne will indemnify Wal-Mart for claims resulting *"in whole or in part"* from any actual or alleged defect in the lamps. The Boykin settlement met this criterion; plaintiffs alleged that design flaws in the lamp resulted in its explosion. Any possible negligence by Wal-Mart does not protect Cheyenne from its contractual promise to indemnify Wal-Mart. Therefore, if Wal-Mart is liable to RLI to reimburse it for the Boykin settlement, Wal-Mart would have the right to sue Cheyenne and be indemnified for that amount.

*Id.*

Wal-Mart argues that in the indemnity provision of the Realty Supplier Agreement at issue herein, Unarco is required to "defend, indemnify and hold harmless" Wal-Mart "from and against all damages, ... which arise out of or relate to this Agreement for the negligent act or omission, willful misconduct, other fault of any nature of Unarco."  (Doc. 35, p. 9).  Wal-Mart states that

Plaintiffs' claims against it arise out of an alleged defective shopping cart, which Unarco provided to Wal-Mart pursuant to the Realty Supplier Agreement.  Wal-Mart also argues that Unarco ignores the fact Plaintiffs allege that J.S.'s injuries were caused by a defective shopping cart and that the cart did not have adequate labels or warnings.  Wal-Mart correctly points out that these claims of Plaintiffs involve the shopping cart itself and not the conduct of Wal-Mart.  Wal-Mart also states that it alleges in its Third-Party Complaint that the shopping cart which Plaintiffs used and aver was defective was supplied to Wal-Mart by Unarco under the Realty Supplier Agreement.  (*Id*., p. 10).

Wal-Mart concludes as follows:

> Any conceivable wrongdoing by Wal-Mart for placing the alleged defective cart with no or inadequate warnings into commerce for its customers' use necessarily implicates Unarco's wrongdoing for supplying the alleged defective cart to Wal-Mart for consumer use. Therefore, because Plaintiff's claims arise out of the distribution of allegedly defective carts by Unarco to Wal-Mart under the Realty Agreement, Unarco's fault is implicated, thereby triggering its contractual duty to defend and indemnify Wal-Mart in this action.

(*Id*.).

The Court agrees with Wal-Mart that Plaintiffs' Amended Complaint sufficiently alleges that the shopping carts used by Wal-Mart were defective.  (Doc. 5, p. 6, ¶18(f)).  As mentioned, Plaintiffs allege in their Amended Complaint that Wal-Mart was negligent in "allowing defective shopping carts to be available to mothers shopping with infants, when [Wal-Mart] knew or should have known that the shopping cart in question was defective."  (*Id*.).

Thus, the Court will deny Unarco's Motion to Dismiss Count I of Wal-Mart's Third-Party Complaint since it finds that Wal-Mart asserts a cognizable claim under Arkansas law for contractual indemnification and contribution against Unarco pursuant to the Realty Supplier

Agreement.

   3.   *Claims for Common Law Indemnification and Contribution in Wal-Mart's Third-Party Complaint (Count II)*

Unarco argues that Wal-Mart's claim for Common Law Indemnification and Contribution in its Third-Party Complaint (Count II) should be dismissed for failure to state a claim.  Unarco states that "Wal-Mart has failed to plead any fact(s) to support its bare allegations that Unarco  is liable by way of common law contribution and/or indemnity."  (Doc. 31, p. 7).  Unarco further states that:

> Wal-Mart's Third Party Complaint makes no mention of any action, omission, negligent act, carelessness or liability-producing conduct by Unarco.  Instead, Wal-Mart merely alleges that "if plaintiff sustained injuries and damages alleged in [their] Complaint . . .  then said injuries and damages were caused by the actions, omissions, negligence, carelessness and other liability-producing conduct of Unarco and were caused in no manner whatsoever by Wal-Mart."  See Exhibit "C" at page 4.  This assertion is simply a conclusion and formulaic recitation of the elements of Wal-Mart's cause of action.  Because Wal-Mart does not allege any facts, the Third Party Complaint does not demonstrate a plausible right to relief.

Alternatively, Unarco argues that it is entitled to a more definite pleading from Wal-Mart with respect to Count II of its Third-Party Complaint under Rule 12(e).

Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader. *See Saltzman v. Independence Blue Cross*, 2009 WL 1606887, *4 (E.D. Pa.)("The Court in *Iqbal* explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore,

pleadings must include factual allegations to support the legal claims asserted."); *Amco Ins. Co. v. Varish Const., Inc.*, 2010 WL 3239395, *2 (M.D. Pa. 7-15-10)("more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action.")(citation omitted).

In order to comply with Rule 8, a Complaint must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the compliant is not frivolous and a defendant has adequate notice to frame an answer.  *Frazier v. Southeastern Pennsylvania Transp. Auth.*, 785 F.2d 65, 68 (3d Cir. 1986); *Klein v. U.S. Bank, N.A.*, 2010 WL 703255, *4.

Under even the most liberal construction, the Court agrees with Unarco that Count II of Wal-Mart's Third-Party Complaint is in clear violation of Rule 8.  It does not give Unarco  fair notice of what Wal-Mart's claim against it is and the grounds upon which it rests.   Thus, the Court finds that Count II of Wal-Mart's Third-Party Complaint is not in conformity with Rule 8 of the Federal Rules of Civil Procedure.   It certainly does not set forth in brief, concise, and understandable terms the conduct of Unarco  about which Wal-Mart is complaining.

In *Amco Ins. Co.*, the Court stated:

> Under Pennsylvania law, the right of contribution is governed by the Uniform Contribution Among Tort-feasors Act, 42 Pa.C.S.A. § 8321-8327. Contribution applies when the parties are joint tortfeasors. *Kirschbaum v. WRGSB Assocs.*, 243 F.3d 145, 156 (3d Cir.2001). "Under the Act, joint tortfeasors are entitled to contribution if they have paid more than their pro rata share of a common liability." *Rabatin v. Columbus Lines, Inc.,* 790 F.2d 22, 24 (3d Cir.1986). The Act defines joint tortfeasors as "two or more persons jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against all or some of them." 42 Pa.C.S.A. § 8322. "Under Pennsylvania law, two actors are joint tortfeasors if their conduct 'causes a single harm which cannot be apportioned ... even though [the actors] may have acted independently.' " *Rabatin, supra,* 790 F.2d at 25 (quoting *Capone v.*

*Donovan,* 332 Pa.Super. 185, 480 A.2d 1249, 1251 (Pa.Super.Ct.1984)).

Contribution "is an equitable right based on a common liability to the plaintiff.[1]" " *Walton v. Avco Corp.,* 530 Pa. 568, 610 A.2d 454, 461 (Pa.1992) (quoting *John W. Brown, Jr. Equipment Rental Corp. v. Dick*ey, 397 Pa. 454, 155 A.2d 836, 838 (Pa.1959)). Contribution "is not a recovery for the tort, but rather it is the enforcement of an equitable duty to share liability for the wrong done by both [tortfeasors]." *Swartz v. Sunderland,* 403 Pa. 222, 169 A.2d 289, 290 (Pa.1961).

"Indemnification is 'a fault shifting mechanism.' " *Sovereign Bank v. BJ's Wholesale Club, Inc.,* 533 F.3d 162, 174 (3d Cir.2008) (quoting *Sirianni v. Nugent Bros., Inc.,* 509 Pa. 564, 506 A.2d 868, 871 (Pa.1986)). Indemnity " 'shifts the entire loss from one tortfeasor who has been compelled to pay it to the shoulders of another who should bear it instead.' " *Walton, supra,* 610 A.2d at 460(quoting W. Prosser, *Law of Torts* at 310 (4th ed.1979)).

Indemnity may be based either on a contractual provision or on the common law right of indemnification. The common law "right of indemnification arises when there is a 'difference between the primary and the secondary liability of two persons each of whom is made responsible by the law to an injured party.' " *Kirschbaum, supra,* 243 F.3d at 156 (quoting *Builders Supply Co. v. McCabe,* 366 Pa. 322, 77 A.2d 368, 370 (Pa.1951)). "It is a right which enures to a person who, without active fault on his own part, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable." *Builders Supply Co. v. McCabe,* 366 Pa. 322, 77 A.2d 368, 370 (Pa.1951)) "[S]econdary as distinguished from primary liability rests upon a fault that is imputed or constructive only, being based on some legal relation between the parties, or arising from some positive rule of common or statutory law or because of a failure to discover or correct a defect or remedy a dangerous condition caused by the act of the one primarily responsible." *Id.* "In the case of *concurrent* or *joint* tortfeasors, having no legal relation to one another, each of them owing the same duty to the injured party, and involved in an accident in which the injury occurs, there is complete unanimity among the authorities everywhere that no right of indemnity exists on behalf of either against the other; in such a case, there is only a common liability and not a primary and secondary one, even though one may have been very much more negligent that the other." *Id.*

"Thus, unlike comparative negligence or contribution, the common law right of indemnity is not a fault sharing mechanism between one who was predominantly responsible for an accident and one whose negligence was relatively minor." *Sirianni v. Nugent Bros., Inc.,* 509 Pa. 564, 506 A.2d 868, 871 (Pa.1986). "Rather, it is a fault shifting mechanism, operable only when a defendant who has been held liable to a plaintiff solely by operation of law,

16

seeks to recover his loss from a defendant who was actually responsible for the accident which occasioned the loss." *Id.* Common law indemnity is not available to a party that had any part in causing the injury. *MIIX Ins. Co. v. Epstein,* 937 A.2d 469, 472 (Pa.Super.Ct.2007).

2010 WL 3239395, *2-*3.

As stated, the Court agrees with Unarco that Count II of Wal-Mart's Third-Party Complaint based on common law contribution and indemnification fails to sufficiently state a cognizable claim. Thus, the Court will grant Unarco's Motion to Dismiss with respect to Count II of Wal-Mart's Third-Party Complaint based on common law contribution and indemnification. However, rather than dismiss with prejudice Wal-Mart's Count II, the Court will grant Wal-Mart leave to amend its Count II as Wal-Mart requests.   The Third Circuit has held that a Plaintiff's Complaint which fails to state a cognizable claim is entitled to amend his pleading unless it would be futile or inequitable to Defendant.  *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002).  *See Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).    Based on the foregoing, the Court does not find that allowing Wal-Mart to amend Count II of its Third-Party Complaint is futile or that it would unduly prejudice Unarco.  Thus, the Court will permit Wal-Mart leave to amend Count II of its Third-Party Complaint against Unarco.[5]

---

[5]It is noted that in the alternative, Unarco requests the Court to direct Wal-Mart to file a more specific pleading with respect to Count II under Rule 12(e). (Doc. 31, pp. 8-9).  Thus, the Court is essentially granting Unarco's alternative request, under Rule 12(e), that Wal-Mart be directed to file a more specific pleading with respect to Count II.

Thus, the Court shall grant in part and deny in part Unarco's Motion to Dismiss Wal-Mart's Third-Party Complaint.

An appropriate Order will be issued.

<u>s/ Thomas M. Blewitt</u>
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated:   March 6, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

J.S., a Minor, by and through his parent   :
and natural guardian, DAWN GILLIS,   :
and DAWN GILLIS, individually,   :
   :    CIVIL ACTION NO. **3:CV-11-0792**
   :
     Plaintiffs   :    Magistrate Judge Blewitt
   :
     v.   :
   :
WAL-MART STORES, INC.,   :
   :
     Defendant/   :
     Third-Party Plaintiff,   :
     v.   :
UNARCO INDUSTRIES, LLC, f/k/a,   :
UNARCO INDUSTRIES, INC.,   :
   :
     Third-Party Defendant.   :

## ORDER

**AND NOW,** this **6**[th] day of **March, 2012, IT IS HEREBY ORDERED THAT:**

1. Third-Party Defendant Unarco's Motion to Dismiss Defendant/Third-Party Plaintiff Wal-Mart's Third-Party Complaint **(Doc. 31)** is **GRANTED IN PART AND DENIED IN PART.**

2. Third-Party Defendant Unarco's alternative Motion to Strike Wal-Mart's allegations in its Third-Party Complaint that Unarco is "alone liable to Plaintiff[s]" and that Unarco "is jointly and severally liable to Plaintiffs," which are contained in both Counts I and II of Wal-Mart's pleading, is **GRANTED** and these allegations are stricken since they are improper as a matter of law under Fed.R.Civ.P. 14(a).

19

3.  Third-Party Defendant Unarco's Motion to Dismiss Count I of Wal-Mart's Third-Party Complaint, namely, a claim under Arkansas law  for contractual indemnification and contribution against Unarco pursuant to the Realty Supplier Agreement,  is **DENIED**.

4.  Third-Party Defendant Unarco's Motion to Dismiss Count II of Wal-Mart's Third-Party Complaint, namely, a common law claim under Pennsylvania law for indemnification and contribution against Unarco, is **GRANTED** and Count II is dismissed without prejudice.

5.  Wal-Mart is granted leave to amend Count II of its Third-Party Complaint against Unarco **within ten (10) days** of the date of this Order.  Wal-Mart is directed to file one complete amended Third-Party Complaint and it is directed not to include allegations in its amended Third-Party Complaint, with respect to both Count I and the amended Count II,  that Unarco is "alone liable to Plaintiff[s]" and that Unarco "is jointly and severally liable to Plaintiffs."

6.  Third-Party Defendant Unarco is directed to file an Answer to Wal-Mart's amended Third-Party Complaint **within ten (10) days** of the date that Wal-Mart files its amended pleading.

7.  The Court will schedule a Case Management Conference once the pleadings are closed.


                              s/ Thomas M. Blewitt
                              **THOMAS M. BLEWITT**
                              **United States Magistrate Judge**

**Dated: March 6, 2012**

20